UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON J. DAVIDSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VERTUS PROPERTIES, INC., et al.,<br><br>Defendants. | No. 2:15-cv-0991-TLN-KJN PS<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Milton J. Davidson and Krystal M. Marshall (collectively "plaintiffs"), who are proceeding without counsel in this action, filed this action and an application to proceed in forma pauperis on May 7, 2015.[1] (ECF Nos. 1, 2.) Plaintiffs appear to request a temporary restraining order ("TRO") at the end of the complaint. (ECF No. 1 at 4-5.) Plaintiffs also filed a motion styled as a "special motion to strike" on June 1, 2015, and a motion styled as a "motion for immediate injunctive relief" on June 15, 2015. (ECF Nos. 3, 4.)

For the reasons stated below, the court grants plaintiffs' application to proceed in forma pauperis but dismisses plaintiffs' complaint with leave to amend to the extent it alleges claims against defendants "Vertus Properties Inc.," "Century 21 Select Real Estate Folsom," "Stanley Binion & Associates," "With Sinc Community Housing F.R.D.T. Programs & Ranch's Inc.,"

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  "Brittain Commercial," "Karen Realty Group," "Fair Housing Sacramento," "J.P. Morgan &
2  Chase Bank," and "Mayberry at Town & Country Village." (ECF No. 1.)  The court further
3  recommends that plaintiffs' claim against the "Sacramento District Court" be dismissed with
4  prejudice and plaintiffs' request for a TRO, "special motion to strike," and "motion for immediate
5  injunctive relief" be denied.

I.  <u>Plaintiffs' Application to Proceed in Forma Pauperis</u>

Plaintiffs requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiffs' application and declaration make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the court grants plaintiffs' request to proceed in forma pauperis.

II.  <u>Legal Standards</u>

The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In assessing whether a plaintiffs' complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards.  See, e.g., <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

However, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

III.   Plaintiffs' Allegations

Plaintiffs allege defendants improperly subjected plaintiffs to evictions and dangerous property conditions. (Compl. at 1-2.) Plaintiffs claim the dangerous property conditions included "poor electrical, collapsing floor boards, pest infestations, [and] leaking sewage . . . ." (Id. at 2.) Plaintiffs also allege that they were "denied reasonable accommodations [in regards to] bathroom and shower access." (Id.) Plaintiffs further allege that defendants refused to renew plaintiffs'

lease because plaintiffs are "non-Muslims." (Id.)

Plaintiffs also appear to allege several unspecified acts of discrimination based on plaintiff Milton J. Davidson's disabled veteran status. (Id. at 1-2.) Plaintiffs claim defendants' actions interfered with plaintiff Milton J. Davidson's ability to receive "veteran medical treatment," "disability veteran compensation," and "veteran hospital emergency services." (Id. at 2.)

Plaintiffs vaguely assert claims of slander, sexual harassment, assault, and invasion of privacy. (Id.) Plaintiffs also vaguely allege that defendants "vandalized and stole property of [p]laintiffs." (Id.)

Based on the above factual allegations, plaintiffs vaguely assert that defendants violated Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), the Americans with Disabilities Act, "and/or subsequent laws which apply to [d]isabled [v]eterans and [their] family members." (Id. at 1.) Plaintiffs request $5 million in damages as relief. (Id.)

IV.  Analysis of Plaintiffs' Claims

A.  *Plaintiffs' Claims Against the "Sacramento District Court"*

As an initial matter, the court recommends plaintiffs' claims against defendant "Sacramento District Court" be dismissed with prejudice. With respect to this defendant, plaintiffs claim "the state of California [D]istrict [C]ourt colluded with [the] Department of Fair Employment and Housing . . . ." (Compl. at 1-2.) Based on a liberal construction of the complaint's allegations, and in light of plaintiffs' reference to "the state of California [D]istrict [C]ourt," it appears plaintiffs intend to name the Sacramento County Superior Court as a defendant by listing the name "Sacramento District Court" in the defendant caption of their complaint. (Id.)[2]

The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). To the extent that plaintiffs' complaint can be

---

[2] Plaintiffs also refer to this defendant in their "motion for immediate injunctive relief" as the "State of California Superior Court for the County of Sacramento," (ECF No. 4 at 5), which further indicates that plaintiffs listed "Sacramento District Court" as a defendant in an attempt to name the Sacramento County Superior Court as a defendant to this action.

1  construed to assert claims against the Sacramento County Superior Court, such claims are
2  likewise barred by the Eleventh Amendment.  See Greater L.A. Council on Deafness, Inc. v.
3  Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against
4  the State, barred by the eleventh amendment.").  Therefore, the Sacramento County Superior
5  Court cannot be held liable, regardless of how well-pled plaintiffs' claims against it may be.
6  Although the court would ordinarily grant a pro se plaintiff leave to amend, the bar of plaintiffs'
7  claims against this defendant cannot be overcome by further revision of plaintiffs' allegations.  As
8  such, granting leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
9  339 (9th Cir. 1996).  Accordingly, the court recommends that defendant "Sacramento District
10 Court" be dismissed from this action with prejudice.

11         B.      *Plaintiffs' Claims Against the Remaining Defendants*

12         As to the remaining defendants named in plaintiffs' complaint, plaintiffs fail to
13 sufficiently state their allegations to satisfy the standards set forth by the United States Supreme
14 Court in Twombly and Iqbal.  See Twombly, 550 U.S. at 555-57; Iqbal, 556 U.S. at 678.
15 Plaintiffs' factual allegations concerning defendants' purportedly illegal actions consist largely of
16 vague assertions and conclusory statements that give little indication to the court or to defendants
17 as to what specific act or acts underlie each of plaintiffs' claims.  Moreover, plaintiffs fail to
18 specify which defendants are responsible for which alleged claims.  In short, based on what the
19 court can ascertain from the complaint, plaintiffs fail to plead sufficient facts which, if accepted
20 as true, would allow the court to draw the reasonable inference that defendants are liable for the
21 misconduct alleged.  Therefore, the court dismisses plaintiffs' complaint with respect to these
22 defendants, but with leave to amend.

23         Plaintiffs' complaint does not presently comply with Rule 8, nor does it presently state a
24 claim upon which relief may be granted.  Accordingly, the complaint is dismissed with leave to
25 amend pursuant to 28 U.S.C. § 1915(e)(2) to permit plaintiffs an opportunity to file an amended
26 pleading that complies with Federal Rule of Civil Procedure 8, clarifies the claims they appear to
27 assert, notes which claims are asserted against each defendant, clarifies whether they allege
28 violations of any of their constitutional rights, includes additional factual allegations that might

support claims for such violations, and provides more context to plaintiffs' wide-ranging accusations. Such amended pleading shall also include allegations regarding the basis for this court's jurisdiction. Plaintiffs shall file an amended pleading within 30 days of the date of this order. The amended pleading shall be titled "First Amended Complaint."

Plaintiffs are informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiffs file an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiffs are also hereby informed that they are obligated to comply with court orders and the rules of litigation procedure, notwithstanding their status as pro se litigants. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells

Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiffs' failure to file an amended pleading by the deadline stated herein will result in a recommendation that this action be dismissed.

V.     Plaintiffs' Request for a TRO

Plaintiffs attach to the end of their complaint a document styled as a "Motion for Preliminary Injunction," which the court construes as an ex parte request for a TRO.[3]  Plaintiffs request the court enjoin and restrain defendant Vertus Properties, Inc. from the following: "falsifying addresses, [] harass[ing] [p]laintiffs, entering premises [possessed by plaintiffs], and taking photos[] or videos [of plaintiffs] without permission." (Compl. at 5.)

Plaintiffs' request fails to comply with Eastern District Local Rule 231, which requires plaintiffs to file a complaint and a motion for a TRO separately.  Furthermore, plaintiffs' request does not meet other requirements set forth in Local Rule 231(c).[4]  Plaintiffs' failure to comply with Local Rule 231 is in itself a sufficient basis for the court to dismiss plaintiffs' request.  Moreover, this request should also be denied on the merits because it is substantively deficient for the reasons set forth below.

////

---

[3] The court construes plaintiffs' "Motion for Preliminary Injunction" as a request for a TRO because plaintiffs have requested "[e]xpedited" relief. (Compl. at 4.)  Furthermore, plaintiffs appear to premise their request on Federal Rule of Civil Procedure 65(b), which governs TRO requests.  Id.

[4] A hardcopy of the Eastern District Local Rules may be obtained from the Clerk of Court's office.

7

A TRO, as a form of injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Niu v. United States, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)).  The court may grant a TRO where the moving party is "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his [or her] favor, and . . . an injunction is in the public interest." Winter, 555 U.S. at 20; see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  "Under the sliding scale approach . . . the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (preliminary injunction appropriate when a moving party demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in the [moving party's] favor," assuming other Winter elements are also met).

Here, plaintiffs have not shown they are likely to succeed on the merits.  Plaintiffs vaguely assert that defendant Vertus Properties, Inc. "continues to break into [plaintiffs'] premises[ ] and [] unlawfully record plaintiffs." (Compl. at 4.)  Plaintiffs appear to allege that defendant had employees who "knew Tamerlan Ts[arnaev][,] who committed the Boston Marathon attacks. . . ." (Id.)  Plaintiffs allege defendant moved these employees into the same building as plaintiffs and vaguely assert that these employees began "harassing [p]laintiff [Krystal M. Marshall] and intimidating her at her residence for witness in relation to the event[s]."[5] (Id. at 4-5.)  Plaintiffs also vaguely allege that defendant uses "mail tampering tactics by [directing] . . . foreign clients from[ ] Iraq[ ] [and] Afghanistan [to] falsify addresses to receive city benefits." (Id. at 5.) Finally, plaintiffs appear to allege that defendant posted notices on plaintiffs' door "as a means to harass and intimidate them." (Id.)  Such vague and conclusory allegations are insufficient to

---

[5] It appears the "event[s]" plaintiffs refer to are the Boston Marathon bombings. (Compl. at 4.)

show that plaintiffs will likely succeed on the merits of their claims against Vertus Properties, Inc. Indeed, plaintiffs' allegations are insufficient to even sustain a cognizable claim against any of the defendants named in the complaint, let alone show that plaintiffs are likely to succeed on the merits of this action.

Plaintiffs do not allege facts that, when taken as true, show that they will likely prevail on the merits of their claims against Vertus Properties, Inc. Plaintiffs fail to show that Vertus Properties, Inc. engaged in any activity that would entitle plaintiffs to the extraordinary injunctive relief they request. See Winter, 555 U.S. at 375-76. Consequently, it is not necessary to address the other elements of the injunctive relief analysis because the allegations of the current complaint fail to state a cognizable claim. See Pimentel v. Dreyfus, 670 F.3d 1096, 1111 (9th Cir. 2012); see also Dish Network Corp. v. FCC, 653 F.3d 771, 782 (9th Cir. 2011). Because plaintiffs fail to meet the criteria required for the issuance of a TRO, the undersigned recommends that plaintiff's request be denied.

VI. Plaintiffs' Special Motion to Strike

Plaintiffs also filed a motion styled as a "special motion to strike." (ECF No. 3.) In support of this motion, plaintiffs cite to California Code of Civil Procedure § 425.16, California's ant-SLAPP statute, which provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Generally, a motion to strike filed pursuant to this section is used to strike an action filed with the intent to "chill the valid exercise of constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16. Under this section, parties "sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." Verizon Del., Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

////

1  Here, it appears plaintiffs' motion seeks to strike a complaint that was not filed in the
2  present action. Specifically, plaintiffs request that the court strike a complaint filed in an
3  unlawful detainer action that appears to have been brought against them in the Sacramento
4  County Superior Court. (ECF No. 3 at 3-4, 6.) Consequently, plaintiff's motion should be denied
5  because the court cannot fashion the relief plaintiff requests. See Verizon Del., Inc., 377 F.3d at
6  1091 (noting that an anti-SLAPP motion "allows a *defendant* to move to strike a plaintiff's
7  complaint") (emphasis added).

VII.  Plaintiffs' "Motion for Immediate Injunctive Relief"

Finally, plaintiffs filed a motion styled as a "motion for immediate injunctive relief."
(ECF No. 6.) In this motion, plaintiffs seek "an immediate injunction against the State of
California Superior Court for the County of Sacramento . . . to stop all state proceedings." (Id. at
5.) Because the undersigned recommends that defendant "Sacramento District Court," which the
undersigned construes to mean the Sacramento County Superior Court, be dismissed from this
action with prejudice for the reasons discussed above, this motion should be denied as moot.

VIII. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiffs' motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiffs' complaint is DISMISSED with LEAVE TO AMEND with respect to defendants "Vertus Properties Inc.," "Century 21 Select Real Estate Folsom," "Stanley Binion & Associates," "With Sinc Community Housing F.R.D.T. Programs & Ranch's Inc.," "Brittain Commercial," "Karen Realty Group," "Fair Housing Sacramento," "J.P. Morgan & Chase Bank," and "Mayberry at Town & Country Village," so that plaintiffs can correct the pleading deficiencies described herein.

3. Plaintiffs are granted 30 days from the entry of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4. Failure to timely file an amended complaint that complies with this order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed

with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Defendant "Sacramento District Court" be DISMISSED from this action with prejudice.

2. Plaintiffs' request for a TRO (ECF No. 1 at 4-5) be DENIED.

3. Plaintiffs' "special motion to strike" (ECF No. 3) be DENIED.

4. Plaintiff's "motion for immediate injunctive relief" (ECF No. 4) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  June 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE