UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON J DAVISON, et al., | No. 2:15-cv-0991-TLN-KJN PS |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| VERTUS PROPERTIES, INC., et al., | |
| Defendants. | |

Plaintiffs, who are proceeding without counsel, filed their complaint and application to proceed in forma pauperis on May 7, 2015.[1] (ECF Nos. 1-2.) On June 18, 2015, the undersigned granted plaintiffs' application to proceed in forma pauperis, recommended that defendant "Sacramento District Court" be dismissed from this action with prejudice, dismissed the complaint as to the remaining defendants without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted plaintiffs leave to file an amended pleading within 30 days. (ECF No. 5.)

It has been more than 30 days since the deadline for plaintiffs to file an amended pleading pursuant to the undersigned's order of June 18, 2015. (ECF No. 5.) To date, plaintiffs have not filed an amended complaint.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

The court is inclined to recommend, on its own motion, the dismissal of plaintiffs' action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with this court's order (ECF No. 5), which is incorporated by reference herein.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

////

Nevertheless, in light of plaintiffs' pro se status, the court finds it appropriate to grant plaintiffs one final opportunity to file a first amended complaint before it recommends dismissal of this action with prejudice. *Accordingly, the court will extend the filing deadline for the first amended complaint an additional 30 days.[2] By the same extended deadline, plaintiffs are also directed to file a separate writing showing cause for why they failed to file an amended complaint by the original July 18, 2015 deadline. Plaintiffs are cautioned that if they fail to meet this extended deadline, the court will recommend that this entire action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. **Within 30 days of the date of this order**, plaintiffs shall show cause in writing why this case should not be dismissed for plaintiffs' failure to prosecute the action and failure to comply with the court's order of June 18, 2015 (ECF No. 5).

2. **Within 30 days of the date of this order**, plaintiffs shall file an amended complaint that complies with and addresses the issues raised in the court's screening order entered on June 18, 2015 (ECF No. 5).

3. *Plaintiffs' failure to file the required writing and amended complaint shall constitute an additional ground for, and plaintiffs' consent to, the imposition of appropriate sanctions, including a recommendation that plaintiffs' case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).*

////

////

---

[2] The court notes that the copies of its June 18, 2015 order that were mailed to plaintiffs were returned to the court as undeliverable. However, it is plaintiffs' duty to keep the court informed of their current address, and service of the court's orders at the address on record was effective with respect to both plaintiffs absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

IT IS SO ORDERED.

Dated:  July 28, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE